IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**PATRICK WALKER**                                                                                          **PLAINTIFF**

V.                                             **CASE NO. 5:23-CV-05126**

**WASHINGTON REGIONAL MEDICAL CENTER**                                      **DEFENDANT**

## ORDER

Before the Court are Defendant Washington Regional Medical Center's ("WRMC") Motion to Dismiss (Doc. 6) and Brief in Support (Doc. 7); Plaintiff Patrick Walker's Response (Doc. 15); and WRMC's Reply (Doc. 18). WRMC's Motion has been fully briefed and is ripe for review. For the reasons explained below, the Motion is **DENIED**.

Mr. Walker—who was employed by WRMC from January 2021 until November 2022—filed suit on August 2, 2023, alleging that he "was terminated as a result of ongoing age discrimination;" that he was "disparately treated" in violation of the Age Discrimination in Employment Act of 1976 ("ADEA"); and that WRMC's actions were "intentional." Doc. 2, ¶¶ 1, 10, 12, 29, 34, 38, 43. In its Motion, WRMC argues that Mr. Walker's Complaint fails to state a plausible claim for relief and should be dismissed under Federal Rule of Civil Procedure 12(b)(6). (Doc. 7, p. 1). Specifically, WRMC contends that Mr. Walker "failed to allege any facts . . . to indicate that age was a factor in his termination." *Id.* at p. 4.

To survive a motion to dismiss, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93

1

(2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To pass muster, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A pleading containing mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and are "not entitled to the assumption of truth.").[1]

The ADEA declares it unlawful for an employer to "discharge any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). "In order to establish a prima facie case under the Age Discrimination in Employment Act (ADEA), a plaintiff must show: (1) she is over 40; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) substantially younger, similarly situated employees were treated more favorably." *Faulkner v. Douglas Cnty. Nebraska*, 906 F.3d 728, 734 (8th Cir. 2018) (emphasis added). Or, without direct evidence of age discrimination, a plaintiff must

---

[1] In his Response, Mr. Walker cites *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), to support the proposition that the Court must liberally construe all the allegations pleaded in his Complaint. *See* Doc. 15, p. 1. This proposition is known as *Conley*'s "no set of facts" standard, *see id.* ("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."), and it was explicitly abrogated by the Supreme Court in *Twombly*, 550 U.S at 546 (citation omitted) ("The 'no set of facts' language has been questioned, criticized, and explained away long enough by courts and commentators, and is best forgotten as an incomplete, negative gloss on an accepted pleading standard . . . . *Conley* described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival."). Plaintiff's counsel is so advised.

show that "there is some additional evidence that age was a factor in the employer's termination decision." *Rahlf v. Mo-Tech Corp.*, 642 F.3d 633, 637 (8th Cir. 2011) (citing *Ward v. Int'l Paper Co.*, 509 F.3d 457, 460 (8th Cir.2007)). "When . . . a plaintiff relies on circumstantial rather than direct evidence of age discrimination, the case is considered under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Id.* Ultimately, "[a] plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177–78 (2009).

Here, Mr. Walker has met his initial pleading burden under Rule 12(b)(6). His Complaint states sufficient facts to satisfy the first three elements of his ADEA claim. *See* Doc. 2, ¶¶ 34 ("Plaintiff . . . was 54 at the time of his termination); *id.* at ¶ 19 ("Plaintiff's job performance was good. Plaintiff had no disciplinary issues. His performance review received in 2022 was positive and Plaintiff received a raise."); *id.* at ¶ 40 ("At all relevant times, Plaintiff could perform the essential function of the position for which he was hired."); *id.* at ¶¶ 20–21 ("On November 2, 2022, Plaintiff attended a business meeting with the Defendant's upper management. Plaintiff was told he had a choice to resign . . . or be terminated . . . .").

WRMC argues in its Motion that Mr. Walker has not sufficiently pleaded the fourth prima facie element.  But Mr. Walker meets the pleading standard laid out in *Faulkner*, chapter and verse. *Compare Faulkner*, 906 F.3d at 734 ("a plaintiff must show: . . . (4) substantially younger, similarly situated employees were treated more favorably."), *with* Doc. 2, ¶¶ 27–28 ("Defendant has younger employees with similar titles to the Plaintiff who perform the same type of job duties. These younger similarly situated employees

3

were allowed to remain employed and were not terminated.").[2]  Mr. Walker could have (and perhaps should have) included more details about the alleged comparators, but for now he has pleaded enough factual content to "'state a claim to relief that is plausible on its face'" for intentional discrimination under the ADEA.  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

**IT IS THEREFORE ORDERED** that Defendant WRMC's Motion to Dismiss (Doc. 6) is **DENIED**.

**IT IS SO ORDERED** on this 11th day of December, 2023.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

[2] See also Doc. 2, ¶¶ 36-38.